142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alvin C. JOHNSON, Defendant-Appellant.
 No. 96-16968.
D.C. Nos. CV-94-02036-DFL/JFM, CR-92-00348-DFL/JFM.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, David F. Levi, District Judge, Presiding.
 MEMORANDUM*
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 Alvin Charles Johnson, a federal prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion challenging the denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and 2255. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion, see Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and we affirm.
 
 
 2
 "An appeal from the denial of a Rule 60(b) motion brings up the denial of the motion for review, not the merits of the underlying judgment." Id. at 1400. Pursuant to Rule 60(b), a court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed .R.Civ.P. 60(b).
 
 
 3
 Here, the district court denied Johnson's motion for reconsideration because he raised new claims not asserted in his section 2255 motion, which consequently do not fall within any of the enumerated provisions of Rule 60(b). Because Johnson raises new claims not included in his prior section 2255, we construe the Rule 60(b) motion as a petition for authorization to file a second or successive 2255 motion. See Clark v. Lewis, 1 F.3d 814, 825 (9th Cir.1993) (treating Rule 60(b) motion as the equivalent of a second petition for habeas corpus). So construed, the petition is denied because Johnson has failed to meet the requirements of the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. § 2244(b)(3)(A) (1996).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3